UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO CONTRERAS,

    *Petitioner*,

vs.

RENE BACKER, *et al.,*

    *Respondents*.

Case No. 2:14-cv-01129-JAD-NJK

**ORDER**

    Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a pauper application.

    Petitioner states in a cover letter that he was sending the filing fee under separate cover. At the time of the preparation of this order, no filing fee has been received by the Clerk for this action. To properly *commence* a federal action, either a filing fee or a properly completed pauper application must be tendered at the *commencement* of the action.

    It does not appear that a dismissal without prejudice would materially impact the analysis of the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1] This improperly commenced action therefore will be dismissed without prejudice.

---

[1] The papers submitted and the online docket records of the state courts reflect the following.

    Petitioner Gustavo Contreras challenges his Nevada state conviction, pursuant to a jury verdict, of battery by a prisoner. The state supreme court affirmed the conviction on direct appeal in a September 12, 2012, order. The time period for seeking *certiorari* review in the United States Supreme Court expired on December 11, 2012. Meanwhile, a corrected judgment of conviction was filed on October 24, 2012, and the time for any appeal from the corrected judgment expired on November 26, 2012. Petitioner filed a state post-conviction petition on April 12, 2013, that remained pending through the issuance of the remittitur concluding the post-conviction appeal on July 15, 2014.

(continued...)

1     **IT THEREFORE IS ORDERED** that this action is DISMISSED without prejudice to the filing
2 of a new petition in a new action accompanied by either the required filing fee or a properly completed
3 application to proceed *in forma pauperis*.

4     **IT FURTHER IS ORDERED** that petitioner's motion for appointment of counsel [#2], which
5 is not supported by a demonstration of financial eligibility for appointment of counsel, is DENIED
6 without prejudice.[2]

7     **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED.  Jurists of reason
8 would not find the dismissal of this improperly-commenced action without prejudice to be debatable
9 or wrong, as no substantial prejudice will result.  See text at n.1 and n.1.

10     The Clerk of Court shall SEND petitioner two copies each of a noncapital habeas petition form
11 and a pauper form along with one copy of the instructions for the forms and of the papers submitted in
12 this action.

13     The Clerk of Court shall enter final judgment dismissing this action without prejudice.

14     July 25, 2014

                                                          *[signature]*
                                             JENNIFER A. DORSEY
                                             United States District Judge

---

[1](...continued)
Accordingly, following the issuance of the remittitur, approximately eight months remained in the federal limitation period.  It thus does not appear that a dismissal without prejudice of the present improperly-commenced action will result in a promptly filed and properly commenced new action being untimely.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely and properly presenting his claims.

[2]If petitioner does not file a pauper application, he must support a claim of financial eligibility for appointment of counsel with the same financial documentation required for a pauper application.  The Court expresses no opinion as to whether allegedly being traumatized by an incident involving another inmate's death otherwise provides a basis for appointment of counsel.  Being held at Ely State Prison does not.